**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JACOB NOBLE                                                                                    PLAINTIFF


v.                                               4:25-cv-01075-BSM-JJV


FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                            DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Brian S. Miller.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Jacob Noble, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments.  (Tr. 14-27.)

The review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detract from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young. He just turned forty years old. (Tr. 45.) He has a limited education, (*id*.), and has past relevant work as a light truck driver and drill press operator. (Tr. 25.)

The ALJ[1] found Mr. Noble had not engaged in substantial gainful activity from February 2022 through June 2023. (Tr. 17.) He has "severe" impairments in the form of "diabetes mellitus, bursitis of the left shoulder, obesity, degenerative joint disease of the right shoulder with ligament tear, and history of shoulder dystocia at birth with brachial plexus injury." (Tr. 18.) The ALJ

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

further found Mr. Noble did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 20-21.)

The ALJ determined Mr. Noble had the residual functional capacity (RFC) to perform a slightly reduced range of light work given his physical and mental impairments. (Tr. 21.) Given this RFC finding, the ALJ determined Mr. Noble could no longer perform his past relevant work. (Tr. 25.) Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 131-143.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of cafeteria attendant, router, and office helper. (Tr. 26.) Accordingly, the ALJ determined Mr. Noble was not disabled. (Tr. 27.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ failed to adequately develop the record. (Doc. No. 10 at 6-13.) He says:

> Mr. Noble's history and the testing done by the Arkansas Rehabilitation Services is a classic example of medical evidence that calls for a consultative examination. The report explicitly stated that "Results of the RIDAC screening suggest uneven development consistent with individuals with a learning disability. However, such a diagnosis cannot be given based solely on results of screening instruments. Mr. Noble would likely benefit from a comprehensive assessment to better investigate abilities." The report was some evidence of a learning disability, but the report made it clear that more investigation was necessary.

(*Id.* at 8.)

In his opinion, the ALJ made mention of this request and why he denied it. The ALJ stated:

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

The representative asked for a mental consultative examination at the hearing to evaluate whether the claimant has a learning disorder. I have considered the request, but after reviewing the record and listening to the testimony at the hearing, there is no need for any further development of the record. The record clearly shows that the claimant has a limited education, and this was taken into consideration by both the undersigned and the vocational expert at step five of the sequential evaluation method. The record further shows that the claimant has previously been evaluated in connection with vocational rehabilitation services, and was administered the Ohio Literacy Test, Wide Range Achievement Test 4th Edition, Revised Beta Examination 3rd Edition, Scholastic Level Exam, and Self-Directed Search (Exhibit 1F). The undersigned notes the claimant also has past work at the semi-skilled and skilled levels, up to an SVP level of 5. The representative has not suggested any specific testing, but only that the vocation rehabilitation testing noted above suggested further testing may be warranted.

(Tr. 14.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). Here, the ALJ fully considered Plaintiff's request and, for good reason, denied it. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the ALJ's rationale for denying additional testing is justified as the record contains adequate medical records to support the ALJ's decision that Plaintiff can perform unskilled light work activities.

Plaintiff also argues that the ALJ erred in rejecting the opinions of Nicholaus Paal, Ph.D. He says, "The ALJ does not explain how Dr. Paal's opinions were inconsistent with his own

4

assessment. Nor does he explain how the opinions are not consistent with the record." (Doc. No. 10 at 15.)  Plaintiff raises a fair point.  But after careful review of Dr. Paal's assessment, (Tr. 671-675), I find no reversible error.  Nothing in Dr. Paal's report suggests Plaintiff is disabled.  Dr. Paal hints at the possibility that Plaintiff has a learning disability but fails to reach a conclusion.[3] And Plaintiff clearly wanted to attend the Arkansas Career Training Institute, indicating he did not believe he was disabled.  More importantly, even with the possible limitations described by Dr. Paal, nothing suggests Plaintiff would be incapable of performing unskilled work.

Plaintiff also argues that the ALJ failed to fully consider his subjective allegations of pain. (Doc. No. 10 at 16-19.)  The ALJ analyzed Mr. Noble's symptoms considering Social Security Ruling 16-3p. (Tr. 21.)  That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

---

[3] I realize Plaintiff believes that Dr. Paal fails to reach a conclusion because the ALJ failed to develop the record.  (Doc. Nos. 10 and 12.)  I disagree that the record was not fully developed.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. But, after close review, I find the ALJ fairly evaluated Mr. Noble's subjective complaints. The ALJ fully considered all the evidence in this case. As the ALJ explained, Plaintiff's "statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 22.) I also fully agree with the Commissioner's response outlining how the ALJ fully considered, *inter alia*, Plaintiff's injury at birth, his subsequent injuries, his various medical treatments (including pain clinic), and the state agency medical consultant findings. (Doc. No. 11 at 11-14.)

It is noteworthy that during this timeframe Plaintiff's treating professionals noted their examination of Plaintiff. (Tr. 689-90, 698-699, 701–702, 703–704, 707–708, 711, 715, 717–718, 720–7 21, 723, 725, 727, 732, 796, 801, 804–805, 807–808.) These objective treatment notes – while not always perfect - revealed nothing disabling. And treatment notes from the pain clinic said that Plaintiff "reports that most but not all of treatment goals are being met with current medication regimen." (Tr. 835, 845, 853, 867, 874, 884, 892, 907, 914, 924, 1014–1015, 1093.) Aside from the abnormal EMG and nerve conduction study, the same can be said for the diagnostic tests performed. (Tr. 810-811, 1022-1023, 1101, 1225-1226, 1132.)

I recognize Mr. Noble has limitations. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination.

Plaintiff clearly suffers from some degree of limitation. And his counsel has done an admirable job advocating for his rights in this case. However, the objective medical records simply

fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on this record that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 13th day of May 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

7